UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA BIGGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>　　　　Defendants. | Case No. 5:16-cv-01507-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

　　　　Plaintiff Victoria Biggs ("Plaintiff") brings this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a) against several defendants, including Bank of America, N.A. Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Presently before the court is Bank of America's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 15. Plaintiff opposes the motion.

　　　　This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing scheduled for September 29, 2016, is VACATED. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

　　　　1.　　On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint is construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). The

alleged facts "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Instead, the requisite threshold is reached when the complaint contains sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678.

2. Although the FCRA generally prohibits "[a] person" from furnishing information "relating to a consumer" to any consumer reporting agency ("CRA") "if the person knows or consciously avoids knowing that the information is inaccurate," a consumer cannot sue a furnisher based simply on the communication of inaccurate information. 15 U.S.C. § 1681s-2(a); see Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002). Instead, a consumer has a private right of action against a furnisher if, after receiving notice that information is disputed, the furnisher fails to reasonably undertake one of the following duties: "conduct an investigation with respect to the disputed information," "review all relevant information provided by the consumer reporting agency," "report the results of the investigation to the consumer reporting agency," and "if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C. § 1681s-2(b).

3. Consequently, "[t]o state a claim under the FCRA, a plaintiff must show that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)-(E)." Corns v. Residential Credit Solutions, Inc., No.: 2:15-cv-1233-GMN-VCF, 2016 U.S. Dist. LEXIS 27864, at *4 (D. Nev. Mar. 3, 2016).

4. For the first element, a complaint's allegations must dispute *facts* underlying a purported inaccuracy; the presentation of *legal defenses* to payment will not suffice. See Chiang

1  v. Verizon New Eng. Inc., 595 F.3d 26, 38 (1st Cir. 2010) ("[J]ust as in suits against CRAs [under

2  § 1681i], a plaintiff's required showing [under §1681s-2(b)] is factual inaccuracy, rather than the

3  existence of disputed legal questions" because "[l]ike CRAs, furnishers are 'neither qualified nor

4  obligated to resolve' matters that 'turn[] on questions that can only be resolved by a court of

5  law.'"); see also Carvalho v. Equifax Info. Servs., LLC, 615 F.3d 1217, 1230 (9th Cir. 2010)

6  ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require

7  that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have

8  imposed such a requirement."). "The inaccuracy requirement comports with the purpose of the

9  FCRA, which is 'to protect consumers from the transmission of inaccurate information about

10 them.'" Carvalho, 615 F.3d at 1230 (quoting Gorman v. Wolpoff & Abramson, LLP, 584 F.3d

11 1147, 1157 (9th Cir. 2009)). Notably, however, "a credit entry can be 'incomplete or inaccurate'

12 within the meaning of the FCRA 'because it is patently incorrect, or because it is misleading in

13 such a way and to such an extent that it can be expected to adversely affect credit decisions.'"

14 Gorman, 584 F.3d at 1163 (quoting Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th

15 Cir. 1998)).

16      5.    Here, Plaintiff alleges she filed for Chapter 13 bankruptcy protection on December

17 10, 2014, and that a plan was confirmed on March 21, 2015. Compl., Dkt. No. 1, at ¶ 5. Plaintiff

18 then ordered a "three bureau" credit report on July 11, 2015, and "noticed several tradelines all

19 reporting misleading and inaccurate balance and past due information," which she disputed with

20 each of the CRAs. Id. at ¶¶ 7, 8. She believes the CRAs communicated her dispute to the

21 furnishers of the purportedly inaccurate information. Id. at ¶ 9. As to Bank of America, Plaintiff

22 alleges it was reporting her account as "having a balance and past due balance owed and did not

23 properly reflect the amount that was to be paid on the account pursuant to the Court Ordered terms

24 of Plaintiff's chapter 13 plan of financial reorganization." Id. at ¶ 11.

25      6.    Since there is no allegation or other qualifying evidence to show Plaintiff has

received a bankruptcy discharge,[1] Bank of America argues that Plaintiff's FCRA claim is deficient because it is not inaccurate for furnishers of credit information to report delinquencies or a balance owed during the pendency of a bankruptcy. As applied to the facts alleged by Plaintiff, Bank of America is correct. Courts in this district have held that the FCRA does not prohibit the accurate reporting of debts that were delinquent during the pendency of a bankruptcy action, even after those debts have been discharged, so long as the bankruptcy discharge is also reported if and when it occurs. See Mortimer v. Bank of America, N.A., No. C-12-01959 JCS, 2013 U.S. Dist. LEXIS 2993, at *16-18, 2013 WL 1501452 (N.D. Cal. Jan. 3, 2013); see also Mortimer v. JP Morgan Chase Bank, N.A., No. C 12-1936 CW, 2012 U.S. Dist. LEXIS 108576, at *9, 2012 WL 3155563 (N.D. Cal. Aug. 2, 2012) ("While it might be good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so."); see also Giovanni v. Bank of America, N.A., No. C 12-02530 LB, 2012 U.S. Dist. LEXIS 178914, at *14-16, 2012 WL 6599681 (N.D. Cal. Dec. 18, 2012). Indeed, the import of these decisions is recognition that the mere filing of a voluntary bankruptcy petition does not erase or invalidate debts, nor does that act excuse the debtor from making timely payments on his or her outstanding accounts. See Mortimer, 2012 U.S. Dist. LEXIS 108576, at *9. If anything, the filing of a bankruptcy petition only imposes a limit on a creditor's ability to collect on a debt. Id. But the debt and its delinquent status still exist, and it is not inaccurate or misleading to report that information to a CRA.

7.     This remains true even after a reorganization plan is confirmed under 11 U.S.C. § 1327. While the court acknowledges that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan" (11 U.S.C. § 1327(a)), and preclude "a creditor from asserting, after confirmation, any other interest than that

---

[1] Bank of America's Request for Judicial Notice (Dkt. No. 16) is GRANTED. Fed. R. Evid. 201(b); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the court "may take judicial notice of court filings and other matters of public record").

4

Case No.: 5:16-cv-01507-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

provided for it in the confirmed plan" (In re Pardee, 218 B.R. 916, 925 n.9 (9th Cir. B.A.P. 1998)), confirmation of a reorganization plan cannot be equated with a bankruptcy discharge, mainly because not every confirmation ultimately results in a discharge.  The bankruptcy court may discharge the trustee only after the debtor "complies with his obligations under the confirmed plan and makes all of the required payments;" if that occurs, the debtor obtains an injunction against creditors' ability to proceed against him or her personally.  In re Blendheim, 803 F.3d 477, 487, 493 (9th Cir. 2015) (citing 11 U.S.C. § 350(a)).  "Many debtors, however, fail to complete a Chapter 13 plan successfully, often because they cannot make payments on time."  Id. "Recognizing this, the Bankruptcy Code permits debtors who fail to complete their plans to convert their Chapter 13 case to a case under a different chapter, or dismiss their case entirely . . . . But importantly, upon dismissal or conversion of a case, a debtor loses any benefits promised in exchange for the successful completion of the plan," such as a discharge injunction.  Id.  This observation is especially pertinent here since documents subject to judicial notice reveal that Plaintiff was at one time facing the possible dismissal of her Chapter 13 case because she failed to make payments according to the § 1327 plan.  Req. for Judicial Notice, Dkt. No. 16, at Ex. B.

8. In short, there are still several scenarios that may ensue even after a reorganization plan is confirmed, including at least one that leaves all pre-bankruptcy debts and their corresponding statuses in place.  Consequently, this court finds that Bank of America cannot be held liable under § 1681s-2(b) based on solely on what is contained in the Complaint. Specifically, the first element of a FCRA claim is unsatisfied because Plaintiff has not plausibly alleged that Bank of America furnished an inaccurate or misleading account balance,[2] or that the past-due designation is similarly inaccurate or misleading because it somehow fails to account for her confirmed reorganization plan.

9. Plaintiff's arguments against this conclusion are unpersuasive.  First, Plaintiff

---

[2] Although the allegations in the Complaint suggest otherwise, Plaintiff clarified in the opposition to this motion that she "does not dispute or raise any issue with the balance that is being reported . . . rather Plaintiff is taking specific issue with the past-due balance . . . ."

argues without citation to authority that approval of a reorganization plan in bankruptcy "absolve[es] Plaintiff from any legal requirement to pay on the debts separate from the treatment under the terms of the chapter 13 plan." Though this statement may be in reference to the binding provision of §1327(a), speaking in terms of absolution is a step too far. Again, while §1327(a) imparts a restraint on creditors' ability to collect outside of the plan's terms, it does not "absolve" or erase either the debt or the fact that payments are past due. The debt may still live on in its pre-bankruptcy status if the debtor fails to perform under the plan and causes the bankruptcy to be dismissed.

10. Second, Plaintiff compares her allegations to other cases involving a furnisher's failure to report certain information as disputed, such as <u>Wang v. Asset Acceptance LLC</u>, No. C 09-04797 SI, 2010 U.S. Dist. LEXIS 91946, 2010 WL 2985503 (N.D. Cal. July 27, 2010), a furnisher's failure to report a debt as discharged, such as <u>Venugopal v. Digital Federal Credit Union</u>, No. 5:12-CV-06067 EJD, 2013 U.S. Dist. LEXIS 43829, 2013 WL 1283436 (N.D. Cal. Mar. 27, 2013), and a furnisher's reporting of inconsistent information some of which is negative to the debtor, such as <u>Grantham v. Bank of America, N.A.</u>, No. CV12-1960 MEJ, 2012 U.S. Dist. LEXIS 167439, 2012 WL 5904729 (N.D. Cal. Nov. 26, 2012). These cases are inapposite because Plaintiff does not allege that Bank of America failed to report the debt as disputed or discharged in a manner similar to <u>Wang</u> and <u>Venugopal</u>, and does not identify inconsistent account information as was done in <u>Grantham</u>. Consequently, these cases do not assist Plaintiff here.

11. Third, Plaintiff suggests that neglecting to furnish the payment terms of a confirmed plan may lead a reviewer of Plaintiff's credit report to conclude "that separate collection activity can occur due to the past-due outstanding balance that shows on the report." She may be correct. But if such a conclusion is drawn, it is not because the information reported by Bank of America is inaccurate or misleading. As the court has explained, a dismissal of Plaintiff's bankruptcy is still possible even with a confirmed plan. If that happens, separate collection efforts may in fact occur in the future.

6
Case No.: 5:16-cv-01507-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

12. Furthermore, it is worth noting that Plaintiff did not in any event allege facts sufficient to support her theory that Bank of America reported misleading or inaccurate information to the CRAs.  Though she claims the information "did not properly reflect the amount that was to be paid on the account pursuant to the Court Ordered terms of Plaintiff's chapter 13 plan of financial reorganization," Plaintiff did not specify which terms of the plan contradict what was shown on her credit report.  Addressing similar allegations, another member of this court found the plaintiff's FCRA claim implausibly pled in Abbot v. Experian Information Solutions, Inc., No. 15-CV-05541-LHK, 2016 U.S. Dist. LEXIS 47397, at *13-14, 2016 WL 1365950 (N.D. Cal. Apr. 6, 2016).  The Abbot court's reasoning is equally applicable here and, as in that case, Plaintiff cannot correct pleading deficiencies with new facts inserted into her opposition to this motion.  See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Based on the foregoing, Bank of America's Motion to Dismiss (Dkt. No. 15) is GRANTED.  The FCRA claim is DISMISSED WITH LEAVE TO AMEND.  See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (holding that courts should generally permit leave to amend unless "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.").

With the dismissal of the only federal claim asserted in the Complaint, the court declines to exercise supplemental jurisdiction over Plaintiff's related state law claim.  It will be dismissed without prejudice at this time for lack of jurisdiction.  See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir.1997) (en banc).

Any amended complaint must be filed on or before **October 13, 2016.**  Plaintiff is advised that, although leave to amend has been permitted, she may not add new claims or new parties to this action without first obtaining the defendants' consent or leave of court pursuant to Federal

Rule of Civil Procedure 15.

The motion to appear by telephone (Dkt. No. 69) is TERMINATED AS MOOT.

**IT IS SO ORDERED.**

Dated:  September 22, 2016



EDWARD J. DAVILA
United States District Judge

8
Case No.: 5:16-cv-01507-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS