SCOTT J. SAGARIA (SBN 217981)
ELLIOT W. GALE (SBN 263326)
JOE ANGELO (SBN 268542)
**SAGARIA LAW, P.C.**
2033 Gateway Pl., 5th Floor
San Jose, CA 95110
408-279-2288 ph: 408-279-2299 fax

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA -SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA BIGGS, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC.; et. al.,- <br><br><br> Defendants. | Case No.: 5:16-cv-01507-EJD <br><br> PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT BANK OF AMERICA's MOTION TO DISMISS <br><br> Judge: Edward Davila |

**TO THE COURT, CLERK OF COURT, AND ALL PARTIES:**

PLEASE TAKE NOTICE THAT Plaintiff Victoria Biggs ("Plaintiff") hereby moves, pursuant to Civil L.R. 7-9, for an Order granting Plaintiff leave to file a Motion for Reconsideration of the Court's September 22, 2016 Order (Docket 70) granting Defendant Bank of America, National Association's Motion to Dismiss Plaintiff's Complaint (Docket 86). Plaintiff respectfully submits that the Court did not consider certain material facts and/or dispositive legal arguments that were presented to the Court and additionally that the Court did not consider all relevant and applicable case law.

This motion is based on the accompanying, Memorandum of Points and Authorities, and the pleadings and papers on file herein.

Victoria Biggs (hereinafter "Plaintiff"), by and through her attorney's of record, Sagaria Law, P.C. hereby requests leave to file a motion for reconsideration.

## INTRODUCTION

This case deals with matters that are related to what constitutes inaccurate or misleading credit reporting while there is an active Chapter 13 bankruptcy impacting treatment of certain creditors. In it's order the court held that because several scenarios may ensue even after a reorganization plan is confirmed that Bank of America cannot be held liable under §1681s-2b i.e. that reporting a balance and or past due balance that does not comport with the plan terms is not technically inaccurate or misleading under the Fair Credit Reporting Act.

In support of its holding the Court notes that Plaintiff's citation to the binding nature of §1327(a) is not sufficient for the proposition that Plaintiff is absolved from any legal requirement to pay on the debts separate from the treatment under the terms of the Chapter 13 plan. Respectfully, the Court's order mistakes well established bankruptcy principles and case law regarding the effect of confirmation and its impact on the rights of creditors and debtors. Plaintiff respectfully submits that this Court's holding was in error and respectfully seeks to leave to file a motion for reconsideration to address the below issues relating to the Court's interpretation of 11 U.S.C. §1327(a).

In this district, Local Rule 7-9 provides an additional requirement before such a revision can be obtained. First, the party must receive permission from the Court before moving for reconsideration of a prior order. Civil L.R. 7-9(a). Second, the party, without repeating any oral or written argument, must sufficiently demonstrate one of the following bases:

> (1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or
(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. Civ. L.R. 7-9(b)-(c).

Plaintiff submits that the below does not constitute a repeat of any argument that was identified in its opposition to Bank of America, N.A.'s motion to dismiss.

## **LEGAL ARGUMENT**

**Confirmation**

In its order granting Defendant's motion to dismiss the Court notes that section 1327(a) is not absolute. Respectfully, the Court is incorrect in its interpretation of section 1327(a). As long as the confirmation order remains in place it is in fact absolute and constitutes a final judgment. There is a myriad of case law from multiple circuits that acknowledges the finality of confirmation orders and their res judicata effect. *See generally, Celli v. First Nat'l Bank (In re Layo),* 460 F.3d 289, 293 (2nd Cir. 2006) (holding confirmation order constitutes a final judgment); *United States v. Richman (In re Talbot),* 124 F.3d 1201, 1209 (10th Cir. 1997) (holding the order confirming a Chapter 13 plan represents a binding determination of the rights and liabilities of the parties ordained by the plan); *In re Fowler*, 1997 Bankr. LEXIS 2332, 14 (Bankr. E.D. Va. 1997) (holding there is little question that confirmation of a chapter 13 plan is res judicata as to the rights and liabilities of the parties to the plan); *In re Coffman*, 271 B.R. 492, 495 (Bankr. N.D. Texas 2002)(holding a confirmed Chapter 13 plan is res judicata); *Charlick v. Cmty. Choice Credit Union (In re Charlick)*, 444 B.R. 762, 765 (Bankr. E.D. Mich. 2011) (holding order of confirmation and a plan is considered res judicata as to claim determinations); *In re Sanders,* 243 B.R. 326, 331 (Bankr. N.D. Ohio 2000) (holding that an arrearage claim of $4,000 was final judgment); *In re Ramey*, 301 B.R. 534, 538 (Bankr. E.D. Ark. 2003) (holding confirmed plan is res judicata and such doctrine applies to all issues actually litigated*); In re*

*Gibson*, 218 B.R. 900, 904 (Bankr. E.D. Ark. 1997) (holding order confirming plan fixing value of a creditor's secured claim is res judicata on that issue); *Standiferd v. United States (In re Standiferd)*, 641 F.3d 1209, 1213 (10th Cir. 2011) (noting confirmation order representing a binding determination of the rights and liabilities of the parties as ordained by the plan); *Fairshter v. Stinky Love, Inc. (In re Lacy)*, 306 Fed. Appx. 413, 421 (10th Cir. 2008) (holding creditors are limited to rights afforded by the plan, and may not take actions inconsistent with the method of payment provided for in the plan…) *Poland v. Educ. Credit Mgmt. Corp. (In re Poland)*, 382 F.3d 1185, 1188 (10th Cir. 2004) (holding order confirming a Chapter 13 plan represents a binding determination of the rights and liabilities of the parties ordained by the plan); *In re Stain*, 2013 Bankr. LEXIS 3888 at 11 (Bankr. D. Utah 2013)(holding the confirmation order is binding determination of the rights and liabilities of the parties); *In re Gordon*, 2011 Bankr. LEXIS 3848 at 9 (Bankr. D. Colo. 2011) (confirmation of plan is binding res judicata and constitutes final order). *In re Underhill*, 425 B.R. 614, 618 (Bankr. D. Utah 2010) (holding plan confirmation is res judicata and becomes binding determination of rights and liabilities of the parties); Green v. McKay, 376 S.W.3d 891, 901 (Tex. App. 2012) (plan confirmation is res judicata and becomes binding on rights and liabilities).

Collier's on bankruptcy also provides a treatise perspective on the terms of the confirmation of a Chapter 13 plan:

> Because creditors are limited to those rights that they are afforded by the plan, they may not take actions to collect debts that are inconsistent with the method of payment provided for in the plan. They may not exercise prepetition rights they may have had to collect a debt by setoff, foreclosure or otherwise. The automatic stay of section 362(a) usually remains in effect as to collection efforts on virtually all prepetition debts until the case is closed or dismissed or until a discharge order is entered. Even actions that would be permitted by an exception to the automatic stay can be barred by the terms of a confirmed plan. Similarly, confirmation of a plan prohibits actions inconsistent with the plan, notwithstanding the existence of facts that would otherwise be grounds for relief from the stay and notwithstanding the fact that no stay was previously in effect because

of the operation of section 362(c)(3) or (4). Once the plan is confirmed the only cause for relief from the stay that may be validly asserted is the debtor's material failure to comply with the plan. A creditor that had the opportunity to object that the plan did not meet the standards for confirmation, which provide the protections Congress deemed appropriate for the various types of creditors, may not later assert any interest, such as a right to setoff, other than that provided for it by the confirmed plan. 8-1327

Collier on Bankruptcy P 1327.02

Given the aforementioned, when Plaintiff's plan was confirmed it constituted a final judgment with respect to the amounts owed to Defendant based on Defendant's filed proof of claim. In the present case Defendant never actually filed a proof of claim. Consequently, under Federal Rule of Bankruptcy Procedure ("FRBP") 3004 and 3021.  Defendant is owed $0.00 and Plaintiff is past due $0.00.  To the extent the Court notes the possibility that a debtor may fail to complete a plan: 1) It's simple. If a debtor's case is dismissed data furnishers are free to start reporting the debt under the original terms of the loan. 2) Credit reporting by its inherent nature only deals with current and historical data. To suggest the possibility of a Chapter 13 case being dismissed as a reason to continue reporting a debtor past due (post confirmation) would be analogous to a consumer becoming delinquent, remedying the delinquency, and then having the data furnisher continue reporting the account past due simply because the consumer may become delinquent again. Such reporting makes little sense.

## Conclusion

FRCP Rule 60 allows a Plaintiff to file a motion from a final judgment for mistake of law. Given the cited case law above Plaintiff respectfully requests this court allow Plaintiff to file such motion.

DATED: October 10, 2016                      **Sagaria Law, P.C.**
                                                   By:   */s/ Elliot Gale*
                                                         Scott Sagaria, Esq.
                                                         Elliot Gale, Esq.
                                                         Attorney for Plaintiff Victoria Biggs