UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA BIGGS,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 5:16-cv-01507-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 76 |

    Plaintiff Victoria Biggs ("Plaintiff") claims in this action that Bank of America and several other defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a), by representing to credit reporting agencies that she owed a past due balance on her account after the confirmation of a reorganization plan in her Chapter 13 bankruptcy case. On September 22, 2016, the court granted with leave to amend Bank of America's motion to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

    Plaintiff now moves for leave to file a motion for reconsideration of the September 22nd under Civil Local Rule 7-9. Dkt. No. 76. On that topic, the court finds, concludes and orders as follows:

    1.    In this district, motions for reconsideration may not be filed without leave of court. Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). When seeking such leave, the moving party must demonstrate at least one of the following grounds:

1

Case No.: 5:16-cv-01507-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

(a) That at the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(b) The emergence of new material facts or a change of law occurring after the time of such order; or

(c) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

In addition, the moving party may not repeat any oral or written argument previously made. Civ. L.R. 7-9(c).

2. Here, Plaintiff argues the court disregarded "well established bankruptcy principles and case law regarding the effect of confirmation and its impact on the rights of creditors and debtors," and includes a string of cases she believes support her position that a confirmed reorganization plan under 11 U.S.C. § 1327(a) is "absolute and constitutes a final judgment." This argument, however, fails in the context of a motion under Rule 7-9(a).

3. The authority cited by Plaintiff in the current motion does not amount to law that is either materially different from that which Plaintiff previously presented, and certainly cannot be classified as newly-emergent. Notably, Plaintiff made the same argument concerning the effect of a § 1327(a) plan in her written opposition to the motion to dismiss that she now seeks to present on reconsideration. Dkt. No. 25 at 6:10-22.

3. Nor can the newly cited cases themselves be considered a dispositive legal argument that was disregarded by the court. None of these cases were referenced by Plaintiff in her opposition brief, which was largely duplicative of oppositions submitted in other similar cases filed by Plaintiff's attorneys. As Rule 7-9(a) implies, the court cannot fail to consider something that was not originally presented. Moreover, "[i]t is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against

him." Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995). "Leave to file for reconsideration will not be granted merely because a party regrets its choices in prior briefing." Earll v. eBay Inc., No. 5:11-cv-00262-EJD, 2012 U.S. Dist. LEXIS 134965, at *6-7 (N.D. Cal. Sept. 20, 2012).

4. Furthermore, and in any event, the order on the motion to dismiss demonstrates that the court did consider the "well established bankruptcy principles" referenced by Plaintiff. Indeed, the court acknowledged the provisions of a confirmed § 1327(a) plan are binding and preclude a debtor from asserting an interest other than what is provided in the plan. Biggs v. Experian Info. Solutions, Inc., No. 5:16-cv-01507-EJD, 2016 U.S. Dist. LEXIS 130742, at *7, WL (N.D. Cal. Sept. 22, 2016). But the court also pointed out that plan confirmation is not the equivalent of a discharge and does not absolve debts or transform their statuses; nothing in § 1327(a) provides for that type of relief. "[W]hile §1327(a) imparts a restraint on creditors' ability to collect outside of the plan's terms, it does not 'absolve' or erase either the debt or the fact that payments are past due." Id. at *9. For that reason, the court determined it was neither inaccurate nor misleading under the FCRA for a creditor to report a debt as "past due" after the confirmation of a § 1327(a) plan. Id. at *8.

In sum, this motion is simply embodies Plaintiff's disagreement with the court's legal conclusion. Such a disagreement, however, is not a justification for reconsideration under Rule 7-9(a). The motion for leave to file a motion for reconsideration is, therefore, DENIED.

**IT IS SO ORDERED.**

Dated: October 21, 2016

_____
EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:16-cv-01507-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION